IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID WARNER**,

    Plaintiff,

v.                                                           No. 12cv0627 MCA/GBW

**VILLAGE OF RUIDOSO, a municipal corporation;**
**Village of Ruidoso Attorney DAN BRYANT;**
**Ruidoso Police Officer NELSON;**
**Ruidoso Police Officer JONAS WADE PROCTOR; and**
**Retired Ruidoso Police Chief WOLFGANG BORN,**
individually and in their official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on (i) Defendant Dan Bryant's *Motion to Dismiss All Claims Against Dan Bryant*, filed October 15, 2012 [Doc. 14], brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis of absolute prosecutorial immunity; (ii) on Defendant Bryant's *Motion for Presentment of Order Granting Defendant Dan Bryant's Motion to Dismiss*, filed December 13, 2012 [Doc. 23]; and (iii) on pro-se Plaintiff David Warner's *Verified Motion to Enlarge Time to Respond to "Defendant Dan Bryant's Motion to Dismiss all Claims against Dan Bryant,"* filed December 13, 2012 [Doc. 24]. Having considered the parties' submissions, the record, and the applicable law, and being otherwise informed in the premises, the Court denies Plaintiff's motion for an extension of time in which to respond to the motion to dismiss, and grants the motion to dismiss.

**I.    THE AMENDED COMPLAINT.**

In his Amended Complaint, Plaintiff alleges that, while "acting under color of law," Am. Compl. at 1 [Doc. 7], Defendant Bryant "continued [a criminal] judical proceeding" against

Plaintiff with the "primary motive . . . to keep plaintiff from exercising his free speech in a public forum," *id.* at 6; that he "initiat[ed] judicial proceedings against plaintiff a Hispanic male where no Anglo or Caucasian persons have ever been prosecuted for the same offense . . . [in] an effort to stop plaintiff's free speech," and "without a rational basis for doing so," *id.* at 7; and that he "selectively prosecuted" Plaintiff by not prosecuting others who "receive donations" on the public streets, "with the intent to remove plaintiff from a public venue where he was exercising his constitutional rights," *id.*

## II.  APPLICABLE LEGAL STANDARDS

> When resolving a motion to dismiss brought under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff.  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.

*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted). The Court determines whether the complaint contains "'enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  The Court interprets pro-se pleadings liberally, but it does not "assume the role of advocate," and pro-se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).  A pro-se plaintiff, therefore, "still has the

2

burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

"The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993). The doctrine applies to civil-rights claims brought under § 1983, *see Pierson v. Ray*, 386 U.S. 547, 554-555 (1967), including claims for violation of constitutional rights based on an alleged malicious prosecution brought against state prosecutors for "initiating a [criminal] prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity. The fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, as established by the evidence at trial. *Id.* at 419, n.13.

### III. ANALYSIS

**A. WARNER HAS FAILED TO SHOW GOOD CAUSE FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO THE MOTION TO DISMISS.**

Bryant filed his motion to dismiss on October 15, 2012, after his counsel "separately mailed a copy of the Motion and memorandum of law to Plaintiff seeking his consent to the Motion" that same day. Doc. 14 at 1; Doc. 22 at 1; Doc. 23-2 (copy of October 15, 2012 letter). The motion does not contain a second, separate paragraph noting service of the motion by mail; rather, the certificate of service indicates only that, by filing the motion via CM/ECF, which causes the Clerk's office to automatically mail a copy of all filings to pro-se parties, the Plaintiff was served. *See* Doc. 14 at 4. The electronic notice of filing shows that the Court in fact mailed a copy of the motion to dismiss to Plaintiff's post office box on October 14, 2012, and it was not

3

returned to the Court. "On October 22, 2012, Plaintiff left a telephone message for Defendant Dan Bryant's Counsel stating that Plaintiff would file a response to the Motion to Dismiss," but Plaintiff never filed a response. Doc. 23 at 2. On November 7, 2012, Defendant sent to Plaintiff a copy of the Notice of Completion of Briefing, informing Plaintiff that his time to respond to the motion to dismiss under D.N.M.LR-Civ. 7.4(a) had expired, and he sent another letter to Plaintiff, asking Plaintiff to approve the proposed order granting the motion to dismiss. *See* Doc. 22 at 3; Doc. 23 at 1-2; Doc. 23-3 (copy of November 7, 2012 letter). Plaintiff states that he received the letter on November 23, 2012, but on December 4, 2012, Plaintiff responded that he would not approve the proposed Order, and requested another copy of the motion to dismiss. *See* Doc. 23 at 1; Doc. 24 at 1, 6. On December 13, 2012, Defendant filed a motion requesting that the Court enter his proposed Order dismissing the case, and the Court and the Defendant each mailed a copy of the motion to Plaintiff at the same post-office box. *See* Doc. 23 & attached NEF. That same day, Plaintiff filed his motion requesting an extension of time in which to respond to the motion to dismiss, stating that he did not receive a copy of the motion to dismiss until December 8, 2012, even though he had previously received copies of filings from the Court. *See* Doc. 24 at 1-2. Plaintiff asks until December 29, 2012 to respond to the motion to dismiss. Except for denying that he left a phone message for Defendant's counsel on October 22, 2012, *see* Doc. 28 at 2, Plaintiff does not otherwise rebut any of the Defendant's statements regarding service of the motion, Plaintiff's responses to the service, and Plaintiff's untimely effort to seek an extension of time after he was reminded on November 7, 2012 that he had failed to timely respond to the motion to dismiss.

Plaintiff contends that he should be given an extension of time in which to respond to the motion to dismiss because Defendant allegedly failed to recite in the motion that he made a good-faith attempt to obtain Plaintiff's concurrence. *See* Doc. 25 at 2. But, as noted above, the second paragraph of the motion to dismiss recites that Defendant made an attempt to obtain Plaintiff's concurrence, and Defendant has submitted a copy of the letter seeking concurrence, to which a copy of the motion to dismiss was attached. Pro-se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The Plaintiff has not demonstrated excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B), and the Court will not enlarge the time in which he may respond to the motion to dismiss. Nevertheless, the Court will not grant the motion to dismiss simply because Plaintiff failed to timely respond to it. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-21 (10th Cir. 1988) (holding that the "failure to respond to the defendants' motions to dismiss was not so severe a burden on the court as to justify dismissal" with prejudice), *abrogated in part on other grounds by Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (holding that use of the term "supervisory liability" to describe claims involving the doctrine of *respondeat superior* in an action brought under 42 U.S.C. § 1983 against a supervisor is "a misnomer").

### B. BRYANT HAS ABSOLUTE PROSECUTORIAL IMMUNITY.

As demonstrated by the allegations in the Amended Complaint, Plaintiff seeks damages from Defendant because of his actions taken while prosecuting Plaintiff for alleged violation of a Village ordinance. The allegedly wrongful actions fall squarely within the protections of the absolute-prosecutorial-immunity doctrine. *See Imbler*, 424 U.S. at 418; *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009) ("Prosecutors are entitled to absolute immunity

5

for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."). Because the Amended Complaint does not allege any facts that could expose Defendant to liability, the Court will grant the motion to dismiss.

**IT IS ORDERED** that the motion to dismiss [Doc. 14] is GRANTED; that the motion for presentment of Order [Doc. 23] is DENIED as moot; and that the motion to enlarge time to respond [Doc. 24] is DENIED.

**SO ORDERED** this 10th day of September, 2013 in Albuquerque, New Mexico.

                                                      **M. CHRISTINA ARMIJO**
                                                      **CHIEF UNITED STATES DISTRICT JUDGE**