IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID WARNER**,

    Plaintiff,

v.                                                                                          No. 12cv0627 MCA/GBW

**VILLAGE OF RUIDOSO, a municipal corporation;**
**Village of Ruidoso Attorney DAN BRYANT;**
**Ruidoso Police Officer NELSON;**
**Ruidoso Police Officer JONAS WADE PROCTOR; and**
**Retired Ruidoso Police Chief WOLFGANG BORN,**
individually and in their official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on pro se Plaintiff David Warner's *Motion for Leave to Amend Complaint with Second Proposed Amended Complaint for United States and New Mexico Constitutional Violations, Tortious Acts and Damages,* filed February 4, 2013 [Doc. 37]. Defendant Bryant filed a response to the motion, *see* Doc. 43, but it appears that Plaintiff's "Reply, which was served by mail and received by this Defendant on March 8, 2013, [] was never filed with the Court." Doc. 48 at 1 (Notice of Completion of Briefing filed by Defendant Bryant).

Plaintiff filed his original Complaint on June 8, 2012. *See* Doc. 1. Although the Magistrate Judge assigned to this case granted his application to proceed IFP on June 19, 2012, *see* Doc. 4, and the Clerk's office sent him a letter instructing him to provide the names and addresses of the named Defendants for summonses on June 22, 2012, *see* Doc. 6, Plaintiff instead filed an Amended Complaint three months later on September 13, 2012, *see* Doc. 7, before the Defendants were served. Defendant Bryant filed a motion to dismiss on the basis of

absolute prosecutorial immunity on October 15, 2012. *See* Doc. 14. The Court does not find credible Plaintiff's assertion that he did not receive a copy of the motion to dismiss until December 8, 2012, especially in light of the October 15, 2012 and November 7, 2012 letters Defendant Bryant submitted showing that Bryant attached a copy of the motion to dismiss to the October 15th letter; the Court mailed a copy of the motion to Plaintiff on October 15, 2012, which was not returned as undelivered; and Plaintiff admits that he received the November 7, 2012 letter informing him that no response to the motion to dismiss was filed. [Doc. 50]. Plaintiff waited until February 4, 2013, after Bryant moved for presentment of an order granting the motion to dismiss, and briefing was completed on that motion, to file his motion to amend the complaint to add more allegations against Bryant. *See* Docs. 23, 31, 37. The Court recently granted the motion to dismiss all claims against Bryant that were based on the Amended Complaint. [Doc. 50] In his Second Proposed Amended Complaint, Plaintiff seeks to allege additional facts that arguably do not describe prosecutorial functions entitled to absolute immunity by adding speculative allegations that Bryant must have actually advised officers to arrest Plaintiff and that Bryant must have encouraged the Village to invalidly amend its ordinance in 2010, "to properly state his claim and relief in order for justice to prevail." Doc. 37 at 2. Specifically, Plaintiff alleges that, (i) on June 27, 2009, Officer Eric Ament, "acting upon the advice of Defendant Dan Bryant," cited Plaintiff for violating "Village Ordinance 58-84(b);" and (ii) after Plaintiff appealed his conviction in Municipal Court to the District Court, where the "case was dismissed," on July 4, 2009, Officer Nelson, "acting upon the advice of Defendant Dan Bryant" again cited Plaintiff for violating the same ordinance. Doc. 37 at 9. He alleges that, (iii) during his second set of "court proceedings," "to facilitate [Plaintiff's] conviction,"

2

Bryant and the Village "cause[d]" the ordinance to be amended, effective January 2010, and that the amendment was "designed to prevent the same First Amendment activity" for which Plaintiff was being criminally prosecuted. *Id.* at 10, 15. He contends that (iv) Bryant "continued judicial proceedings . . . well after [he] knew that [his] actions violated clearly established constitutional rights and that said ordinance used to initiate proceedings was not valid." *Id.* at 12. He alleges that (v) Bryant, "while working for the Village in an administrative capacity, took an active part in advising the enforcement of a facially invalid ordinance," while knowing that the ordinance violated Plaintiff's First-Amendment rights. *Id.* at 13-14. The Second Proposed Amended Complaint does not otherwise add additional allegations.

Although Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend a complaint] when justice so requires,"

> "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." [6 Wright, Miller & Kane, Federal Practice and Procedure § 1488 (2d ed. 1990)]. The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) ("[D]elay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will be become prejudicial, placing an unfair burden on the opposing party." (internal citations and quotation marks omitted)).

> . . . .This Circuit [] focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which

3

the amendment was based for some time prior to the filing of the motion to amend.").

Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target[.]"

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006) (footnotes omitted). Plaintiff was aware of the facts forming the basis of his § 1983 claim prior to filing his original and amended complaints. He was also aware since October 2012 of Defendant Bryant's position that Bryant has absolute prosecutorial immunity from suit based on the allegations in the amended complaint. Yet Plaintiff did not request leave to amend for a second time until after the briefing period on the motion for presentment of an order dismissing his claim against Bryant had ended, and he has not proffered any explanation for his long delay. *See id; McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (affirming order denying leave to amend, noting that "plaintiff was aware of all the information on which his proposed amended complaint was based prior to filing the original complaint [and he] offered no explanation for the undue delay"). Thus, it appears that the motion to amend is an attempt to make Plaintiff's theory of recovery against Defendant Bryant a "moving target" or to "salvage a lost case by untimely suggestion of [a] new theor[y] of recovery," which is a tactic the Tenth Circuit disfavors. *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001) (internal quotation marks omitted).

"A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotation marks omitted) (affirming denial of motion for leave to

amend that was filed eight months after the original complaint and over five months after a previous amended complaint). The Court has dismissed all claims against Defendant Bryant and will not permit Plaintiff, where he has given no good reason for his delay, to resurrect claims against this Defendant by filing a second amended complaint after the parties have had a full opportunity to litigate the motion to dismiss.

**IT IS ORDERED** that the motion to amend [Doc. 37] is DENIED.

**SO ORDERED** this 10th day of September, 2013 in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**