IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

    Plaintiff,

v.                                                                    Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

Defendants.

and

DAVID WARNER,

    Plaintiff,

v.                                                                      Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT AND ORDERING THE MARSHALS TO EFFECT SERVICE

    This matter is before the Court pursuant to Plaintiff's responses (*docs. 43, 45, 76, 77*)[1] to the Court's Order to Provide Sufficient Information to Effect Service and

---

[1] *Docs. 41, 43, and 45* were filed in Case No. 2:13-cv-00440-MCA-GBW, whereas *docs. 76, 77, and 78* were filed in Case No. 2:12-cv-00627-MCA-GBW. *Docs. 45 and 76* are the same.

Recommended Disposition Should Plaintiff not Comply (*doc. 41*).  On September 3, 2014, the Court ordered Plaintiff, who is proceeding *in forma pauperis*, to provide addresses for Joel Martin and Code Enforcement Officer Brady within seventeen (17) days of the order so that the Marshals Service could serve process on those Defendants. *Doc. 41.*  Plaintiff filed an objection to the Court's Order on September 23, 2014, (*doc. 43*). Plaintiff also filed a motion seeking leave to supplement his objection on September 26, 2014 (*docs. 45, 76*), and an amended motion for leave to supplement on October 1, 2014, (*doc. 77*).

In his objection, Plaintiff informed the Court that he is voluntarily withdrawing his complaint against Officer Brady.  *Doc. 43* ("[Plaintiff] withdraws complaint as to Defendant Officer Brady, but does not waive his right to call Officer Brady as a witness.").  The Court reads this withdrawal as a notice of dismissal.  FED. R. CIV. P. 41(a) (subject to exceptions not applicable to this case, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . .").  Because Officer Brady has not been served and therefore has not filed an answer or a motion for summary judgment, Plaintiff's notice of dismissal is in accordance with the federal rules and is valid.

In both his original and amended motion seeking leave to supplement his objection, Plaintiff provided Joel Martin's work address.  *Docs. 45, 76, 77.*  Defendants requested that the Court deny Plaintiff's motions to supplement "because once again Plaintiff refuses to adhere to, or even acknowledge, his responsibilities to file pleadings

and communicate with opposing counsel as required by the applicable rules." Doc. 78 at 2. Defendants directed the Court both to FED. R. CIV. P. 11(a), which requires every non-discovery related filing to contain the email address and phone number of the signer, and to local rule D.N.M.LR-Civ. 7.1(a), which provides that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied."

Neither of these rules, however, mandates that the Court deny Plaintiff's motion to supplement,[2] and given that Plaintiff's supplemental filings provide the information needed to proceed with service of process, the Court will grant those motions in part.[3]

IT IS THEREFORE ORDERED that Plaintiff's Motions for Leave to Supplement (*docs. 76, 77*) are GRANTED IN PART.

The Marshals Service is directed to effect service of process on Joel Martin at the Rollingwood Police Department, 403 Nixon Drive, Rollingwood, TX 78764.

The Clerk's Office is directed to terminate Code Enforcement Officer Brady as a Defendant because Plaintiff has voluntary dismissed his claims against Officer Brady.

**IT IS SO ORDERED**

_____
GREGORY B. WORMUTH
United States Magistrate Judge

---

[2] Rule 11 requires the Court "to strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." FED. R. CIV. P. 11(a). Rule 11, however, does not dictate that the Court strike a filing that does not contain the signer's email address or phone number and Defendants have not directed the Court to any legal authority requiring the Court to take such a measure.
[3] To the extent Plaintiff requests the Court "to order U.S. Marshals and Defendant Magill to assist [Plaintiff] in locating Defendant Martin," his Motion is DENIED. Doc. 77 at 2.