IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

    Plaintiff,

v.                                          Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

Defendants.

and

DAVID WARNER,

    Plaintiff,

v.                                          Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST FOR AN EXTENSION

      This matter is before the Court on Plaintiff's request that the Court accept his

"Reply to Defendant's Response to Plaintiff's Certificate of Service for 2nd Letter for

Supplemental Request for Discovery (Docket No. 39)." *Doc. 79*.[1] The Court construes this filing as a motion for extension of time to file a reply and will DENY it.

Plaintiff seeks leave from the Court to file a reply to Defendants' response (*doc. 40*) to a letter he sent to Defendants requesting them to make initial disclosures "as per Rule 26" (*doc. 39*). Defendants response, which was filed on June 23, 2014, noted that an initial scheduling order had not yet been entered, which meant "no discovery is permitted at this time." *Doc. 40*. Plaintiff avers that he replied to this response on July 10, 2014, but that his reply was lost in the mail. *Doc. 79* at 2. He requests that the Court now accept and review this reply. *Doc. 79*.

Defendants oppose this request, noting Plaintiff's repeated failures to comply with either the local or federal rules. *Doc. 81*. Because Plaintiff's reply pertains to a request for discovery prior to the Court's issuing an Initial Scheduling Order, it is an improper request.[2] FED. R. CIV. P. 26 ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. . ."). The Court will therefore deny Plaintiff's request.

Additionally, in the interest of moving this case forward, Plaintiff is hereby notified of the following: An Initial Scheduling Order is not typically issued until all of the Defendants have been served with process. Currently, the sole remaining

---

[1] *Docs. 79* and *81* were filed in Case No. 2:12-cv-00627-MCA-GBW, whereas *docs. 39, 40,* and *44* were filed in Case No. 2:13-cv-00440-MCA-GBW.
[2] Although an Initial Scheduling Order (*doc. 26*) has been issued in Case No. 2:12-cv-00627-MCA-GBW, one has not yet been issued in Case No. 2:13-cv-00440-MCA-GBW.

Defendant to be served is Joel Martin.  Thus, upon return of the summons being issued to Joel Martin (*doc. 83*) –whether successfully executed or not— the Court will issue an Initial Scheduling Order.  The Initial Scheduling Order will set a deadline for the parties to meet and confer where they will develop a plan for discovery.  The parties must cooperate in order to meet that deadline, as well as other deadlines that will be set forth in that order.  This will require Plaintiff to communicate with defense counsel.  While the Court is not unsympathetic to Plaintiff's financial situation, the practical exigencies of pursuing a lawsuit require that he communicate with opposing counsel.  In this vein, the Court notes that Plaintiff has already established an email address at daviswarnerforthetruth@windstream.net[3] (*doc. 44*) and that Plaintiff's mailing address at 4703 West Deming Street, Roswell, NM 88203 does not appear to be at an insurmountable distance from the Roswell Public Library located at 301 N. Pennsylvania Avenue, Roswell, NM 88201, which offers public access to computers connected to the internet.

      IT IS HEREBY ORDERED that Plaintiff's Request for Court to Accept Plaintiff's Reply (*doc. 79*) is DENIED.

      **IT IS SO ORDERED**

_____
GREGORY B. WORMUTH
United States Magistrate Judge

---

[3] If this email address is not current and valid, Plaintiff shall file a notice to the Court providing an updated email address.