IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

    Plaintiff,

v.                                                       Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

    Defendants.

and

DAVID WARNER,

    Plaintiff,

v.                                                         Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

    Defendants.

## ORDER DENYING AS MOOT
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

    This matter comes before the Court on Plaintiff's Motion to Quash Defendants'

Notice of Deposition Duces Tecum (*doc. 102*) and Motion for Protective Order (*doc. 105*)

and the attendant briefing (*docs. 103, 106, 108, & 110*).  Having considered the parties' briefing and held a hearing on the motions, the Court will deny the motions as moot, but will not grant Defendants the expenses they incurred in responding to the motions.

The arguments in Plaintiff's motions were, in large part, predicated on his incorrect understanding that discovery would occur separately in both cases and that discovery in the lead case was still stayed.[1]  *See generally docs. 102, 105*.  Notwithstanding these and the other objections raised in his motions, Plaintiff attended his deposition at the prescribed time and place and provided some but not all of the requested documents.  *Doc. 118* at 2.  At a hearing held on the matter, Defendants' counsel informed the Court that they were no longer seeking the documents or items requested but not produced by Plaintiff and further asserted that Plaintiff's motions are now moot.  *Id.*  Given that the deposition took place, that some of the items requested were produced, and that the other items requested are no longer sought, the Court will deny Plaintiff's motions as moot.  Finally, because Plaintiff, who is proceeding *pro se*, misunderstood the effect of consolidation and was unsure about the status of one the dispositive motions in the lead case, the Court finds that his filing of the motions was substantially justified such that costs should not be awarded to Defendants.  Fed. R. Civ. P. 37(a)(5)(A)(ii).

---

[1] Plaintiff believed that discovery in the lead case had been stayed pending resolution of dispositive motions.  However, the Order Staying Discovery (*doc. 41*) was only to remain in effect "pending the disposition of Defendant Bryant's Motion to Dismiss," which was granted on September 10, 2013 (*doc. 50*), and the dispositive motion on which Plaintiff relied (*doc. 42*) was not filed until after the Court entered the stay.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Defendants' Notice of Deposition Duces Tecum (*doc. 102*) and Motion for Protective Order (*doc. 105*) are denied as moot.

IT IS FURTHER ORDERED that, even though Defendants prevailed on both motions, they are not entitled to expenses incurred in responding to them.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE