**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID WARNER,

      Plaintiff,

v.                                                Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

      Defendants.

and

DAVID WARNER,

      Plaintiff,

v.                                                Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Party Joel

Martin (*doc. 104*), Motion for Partial Summary Judgment (*doc. 111*), Motion to Hold in

Abeyance Court's Recommendation (*doc. 121*), and the served Joel Martin's Special

Appearance and Motion to Dismiss for Lack of Jurisdiction (*doc. 88*). Being fully

advised, I recommend that the Court grant the served Joel Martin's Special Appearance

and Motion to Dismiss for Lack of Jurisdiction (*doc. 88*), grant in part Plaintiff's Motion

to Dismiss Party Joel Martin (*doc. 104*), and deny Plaintiff's Motion for Partial Summary

Judgment (*doc.111*). The Court should also refuse to grant Plaintiff additional time for

service and should deny his request for service by publication in his Motion to Hold in

Abeyance Court's Recommendation (*doc. 121*). Consequently, the claims against Sgt.

Joel Martin should be dismissed without prejudice.

## I.       BACKGROUND

On September 14, 2014, Chief United States District Judge Armijo consolidated

Plaintiff's two cases, with case no. 2:12-cv-00627-MCA-GBW serving as the lead case

and case no. 2:13-cv-00440-MCA-GBW as the member case. *Doc. 74.*[1] In the member

case, which was initiated on May 9, 2013, Plaintiff named Sgt. Joel Martin of the

Ruidoso Police Department as a defendant. *Member Case Doc. 1.* Since filing his

complaint nearly two and a half years ago, Plaintiff has attempted to serve Joel Martin,

but to no avail. Because Plaintiff is proceeding in forma pauperis (*member case doc. 10*),

---

[1] Citations to "Doc. _" refer to the docket number in the lead case 2:12-cv-00627-MCA-GBW, whereas citations to "Member Case Doc. _" refer to the docket number in the member case 2:13-cv-00440-MCA-GBW.

his attempts at service have been done with the assistance of the United States Marshals Service.

On September 3, 2013, a "Summons Returned Executed" was filed on Plaintiff's behalf. *Member Case Doc. 20.*  The summons indicated that it had been received by Lt. Jonas Wade Proctor at 1085 Mechem Drive, Ruidoso, NM, which is the address for the Ruidoso Police Department. *Id.*  It further indicated, "Officer Joel Martin no longer works for Ruidoso and may be working in Odessa/Midland TX [sic]." *Id.*  On September 19, 2013, Plaintiff made a filing stating that he would "provide Defendant Martin's address as soon as it comes available to him." *Member Case Doc. 28* at 2.

Nearly an entire year passed without word from Plaintiff.

Then, on September 3, 2014, the Court ordered Plaintiff to provide an address for Joel Martin and recommended that Defendant Martin be dismissed without prejudice should Plaintiff fail to do so within seventeen days. *Member Case Doc. 41.*   After Plaintiff provided information the Court believed would permit the Marshals Service to effect service, the Court entered an order on January 16, 2015, requiring the Marshals Service to effect service on Joel Martin at the Rollingwood Police Department, 403 Nixon Drive, Rollingwood, TX 78764. *Doc. 83.*  The same day, the Court entered a separate order indicating that "upon return of the summons being issued to Joel Martin (*doc. 83*) –whether successfully executed or not—the Court will issue an Initial Scheduling Order." *Doc. 84.*

On March 20, 2015, a summons for Joel Martin was returned executed. *Doc. 87*.

However, any hope that the saga of service on Joel Martin had finally ended was

quickly dispelled.  On April 6, 2009, the served Joel Martin made a special appearance

and filed a Motion to Dismiss asserting that he was not the Sgt. Joel Martin that Plaintiff

named in the Complaint. *Doc. 88*.  The Court proceeded with a Rule 16 Scheduling

Conference at which the Court suggested that Plaintiff determine if the served Joel

Martin would be willing to provide Plaintiff with information as to Sgt. Joel Martin's

location in return for Plaintiff's agreeing to dismiss the served Joel Martin. *Doc. 99* at 3.

Plaintiff has not indicated that he made such a request from the served Joel Martin.

On July 6, 2015, Plaintiff filed a Motion to Dismiss Party Joel Martin in which he

stated that he could "say with certainty that the Joel Martin that was served with

process . . . is not the Joel Martin that is the subject of my complaint." *Doc. 104* at 2.

However, because the served Joel Martin had indicated that he had found Sgt. Joel

Martin residing in Midland, TX but had not kept his contact information (*doc. 88* at 2),

Plaintiff requested that the Court order the served Joel Martin to provide Sgt. Joel

Martin's address. *Doc. 104* at 2-3.

On August 10, 2015, Plaintiff made another filing in which he appeared to

request that the Court find that Sgt. Joel Martin had been served on August 29, 2013,

through Lt. Jonas Wade Proctor, or that he otherwise waived objections to service. *Doc.*

*111* at 1-2.  Plaintiff titled the filing as a "Motion for Partial Summary Judgment,"

although the Court reads it as effectively requesting an entry of default and default judgment.

On August 31, 2015, the Court set a hearing on a number of outstanding motions, including Plaintiff's Motion to Dismiss Party Joel Martin and his Motion for Partial Summary Judgment. *Doc. 114*. Chief Judge Armijo entered an order of reference referring Plaintiff's Motion to Dismiss Party Joel Martin and his Motion for Partial Summary Judgment to the undersigned for recommended dispositions. *Doc. 117*. At the hearing, the undersigned stated that he would recommend granting Plaintiff's Motion to Dismiss the served Joel Martin in part so that the claims against Joel Martin would be dismissed without prejudice. The undersigned stated that he would recommend not ordering the served Joel Martin to provide information as to the whereabouts of Sgt. Joel Martin. *Doc. 120* at 6. The undersigned further stated that he would recommend denying Plaintiff's Motion for Partial Summary Judgment because it was clear that the correct Joel Martin had not been served and an entry of default against him would be unfair. *Id.* at 6-7.

Finally, on September 21, 2015, Plaintiff filed a Motion to Hold in Abeyance Court's Recommendation. *Doc. 121*. In that motion, Plaintiff requested that the Court allow service by publication for Sgt. Martin in the Midland Daily News in Midland, Texas and in the Ruidoso News in Ruidoso, New Mexico. *Id.* at 3. Thus, the matters currently before the undersigned are: Plaintiff's Motion to Dismiss Party Joel Martin

(*doc. 104*), Motion for Partial Summary Judgment (*doc. 111*), and Motion to Hold in

Abeyance Court's Recommendation (*doc. 121*), as well as the served Joel Martin's

Special Appearance and Motion to Dismiss for Lack of Jurisdiction (*doc. 88*).

## II.    ANALYSIS

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff's Motion to Hold in Abeyance Court's Recommendation concedes that

Sgt. Joel Martin has never properly been served.  *Doc. 121* at 2 ("Plaintiff has been

unable to serve Defendant Joel D. Martin at all the addresses that plaintiff has

acquired.").  Because proper service is required before an entry of default can be made, I

recommend denying Plaintiff's Motion for Partial Summary Judgment (*doc. 111*), which

essentially requests an entry of default and default judgment.  *Scott v. District of

Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there

was insufficient service of process").

### B. Plaintiff's Motion to Dismiss and the served Joel Martin's Motion to Dismiss

As to the served Joel Martin, Plaintiff's Motion to Dismiss concedes that this Joel

Martin is not the person Plaintiff intended to bring into this litigation.  *Doc. 104* at 2.  As

such, I recommend granting the served Joel Martin's Special Appearance and Motion to

Dismiss for Lack of Jurisdiction (*doc. 88*) and excusing him from this litigation.

Plaintiff's Motion to Dismiss Party Joel Martin (*doc. 104*) should likewise be granted but,

only in part.  While the undersigned agrees that the served Joel Martin should be

dismissed, Plaintiff's request for an order requiring him to provide information as to the whereabouts of Sgt. Joel Martin should not be granted by the Court because "a court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999); *see also Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962) (holding district court did not err in refusing to condition dismissal of defendant "upon the disclosure of its insurers' identity," because "[i]n the absence of jurisdiction over the person of a defendant in an action in personam, the orders and judgments of the court are void."). Moreover, Plaintiff has provided no authority, and the undersigned is aware of none, which would permit a court to condition dismissal of a claim against an individual who is known to not be the proper defendant upon the provision of information about another person. Accordingly, to the extent Plaintiff's Motion to Dismiss seeks an order requiring the served Joel Martin to assist Plaintiff in finding Sgt. Martin, his motion should be denied.

### C. Plaintiff's Motion to Hold in Abeyance

Having concluded that Plaintiff has not served Sgt. Martin and that the Joel Martin he did serve was not the correct individual, the next question is whether Plaintiff's claims against Sgt. Martin should be dismissed without prejudice for failure to effect service. Given the extraordinary amount of time that has been afforded to Plaintiff to effect service and the insufficiency of Plaintiff's efforts in that time, the undersigned will not delay issuing its recommendation as requested in Plaintiff's

Motion to Hold in Abeyance Court's Recommendation.  *Doc. 121.*  Moreover, the

undersigned recommends that the Court refuse to grant Plaintiff more time to serve Sgt.

Martin.

A court may dismiss an action without prejudice against a defendant who is not

served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  If, however, a

plaintiff makes a showing of good cause for failure to effect service, "the court must

extend the time for service for an appropriate period."  *Id.*  "The 'good cause' standard,

as interpreted by the courts, is quite restrictive.  Inadvertence, negligence, ignorance of

the service requirements, and reliance on a process server have all been determined not

to constitute good cause."  *Lopez v. United States*, 129 F. Supp. 2d 1284, 1295 (D.N.M.

October 31, 2000) (citations omitted) (concluding showing of good cause had not been

made where absence of service was "apparent on the return-of-service forms" and

Plaintiff merely relied on a process server and failed to realize proper service had not

been obtained).  Even if good cause is not established, however, the Court may still

exercise its discretion in determining whether additional time should be granted or the

action should be dismissed without prejudice.  *Espinoza v. United States*, 52 F.3d 838, 841

(10th Cir. 1995).

Plaintiff cannot establish good cause for his failure to effect service.  After

Plaintiff's first attempt at service failed back in September 2013, he stated that he would

provide an address for Defendant Martin as soon as he had one.  *Member Case Doc. 28* at

2.  Yet Plaintiff did not provide the Marshals Service with another address until September 2014 (a year later), and even then only after the Court ordered him to do so. *Doc. 41.*  At that time, the Court warned Plaintiff that his failure to provide an address would result in his claim against Sgt. Martin being dismissed without prejudice.  *Id.*

Plaintiff then effected service, but on the wrong individual.  Consequently, this litigation is now seeing its third September and Plaintiff still has not served Sgt. Martin. Because nearly two and a half years have passed between Plaintiff's initiating this lawsuit and his latest request for more time and because Plaintiff has provided only two addresses for Sgt. Martin to the Marshals Service in that expansive amount of time, Plaintiff cannot establish good cause for his failure to effect service.  While the undersigned is not unsympathetic to the difficulty of serving a person with a fairly common name, the undersigned recommends finding that 865 days[2] is more than enough time to do so.

Should the Court agree that Plaintiff cannot establish good cause excusing his failure to effect service, the next question is whether the Court should, in its discretion, permit Plaintiff more time to try to serve Defendant Martin.  Plaintiff's newest request, which comes in the form of a Motion to Hold in Abeyance Court's Recommendation (*doc. 121*), requests that the Court grant him leave to effect service by publication.

---

[2] The time between Plaintiff's initiating suit on May 9, 2013 and his latest request for an extension of time to effect service on September 21, 2015.

While Rule 4(e)(1) permits service to be effected in a manner permitted by state law, which, in turn, permits service by publication, Plaintiff has not demonstrated that he should be granted leave to serve Sgt. Martin in this manner, let alone that the Court should give him additional time to do so.  In New Mexico, upon a motion and a showing by affidavit

> that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

N.M.R.A. Rule 1-004(K).  Thus, there are two issues: (1) whether Plaintiff has made a showing by affidavit that service cannot reasonably be made under New Mexico's methods for effecting service and (2) whether service by publication would be a method that is reasonably calculated under the circumstances to apprise Sgt. Martin of this action.

First, Plaintiff has not demonstrated that the Court should exercise its discretion to permit him more time since his efforts do not show that service cannot reasonably be made under New Mexico law.  Notably, "[a]s a general rule, constructive service is insufficient where the object of the action is to determine the personal rights and obligations of the defendant."  *McLam v. McLam*, 462 P.2d 622, 624 (N.M. 1969) (citations omitted).  The New Mexico Court of Appeals has recognized that "[d]ue process prohibits the use of constructive service where it is feasible to give actual notice."

*Classen v. Classen*, 893 P.2d 478, 481 (N.M. Ct. App. 1995).   As such, service by

publication is valid only for "persons whose whereabouts could not with 'due

diligence' be ascertained."  *Id.* (quoting *Mulane v. Central Hanover Bank & Trust Co.*, 339

U.S. 306, 317 (1950).

Plaintiff asserts that he has been unable to serve Sgt. Martin "at all the addresses

that plaintiff has acquired," and cites to an exhibit containing an internet search listing

addresses for "Joel Martin in NM."  *Doc. 121* (citing exhibits to docket number 115); *doc.*

*115*, Ex. G at 1.  However, despite the fact that Plaintiff was informed back in September

2013 that Sgt. Martin was no longer with the Ruidoso Police Department and may be in

Texas, the search cited to by Plaintiff is only for Joel Martins **in New Mexico**.  *Member*

*Case Doc. 20.*  Although Plaintiff was able to obtain an address in Midland, TX from

Ruidoso's Human Resources Department, he does not appear to have provided that

address to the Marshals Service.  Thus, of the addresses Plaintiff has "acquired" in two

and a half years, he has provided just two to the Marshals Service: one for the Ruidoso

Police Department and one for the police department in Rollingwood, TX.

Given the above, while Plaintiff has made attempts to locate Sgt. Martin, his

efforts leave much to be desired.  The undersigned therefore recommends finding that

Plaintiff has not demonstrated that Sgt. Martin could not be served in accordance with

the state rules governing process if attempted with due diligence.  Accordingly, the

11

undersigned refuses to hold its recommendation in abeyance and recommends that the

Court deny Plaintiff additional time to effect service.

Further still, even assuming Plaintiff could show that service could not

reasonably be affected by some other method through diligent efforts, Plaintiff has not

shown that publication in Midland, Texas and Ruidoso, New Mexico are reasonably

calculated to apprise Sgt. Martin of this action.  First, Sgt. Martin has not lived in

Ruidoso since at the latest September 2013 (*see doc. 20*) and likely much earlier (*see doc.

115*, Ex. F).  Furthermore, Plaintiff's only asserted basis for effecting service by

publication in Midland, Texas is that it is "the last known city of residence in which

Defendant Joel D. Martin resided."  *Doc. 121* at 1.  However, this information is based

on what is likely a forwarding address provided by Sgt. Martin to the Ruidoso Human

Resources department nearly four years ago, in December 2011.  *See doc. 115*, Ex. F.

Moreover, when Plaintiff himself sent a mailing to this address, it was returned with a

note reading, "8/2/15 NO LONGER at this address."  *Doc. 115*, Ex. F.  Thus, Plaintiff has

not established that, under the circumstances, publishing a notice in a Midland, Texas

and Ruidoso, New Mexico is reasonably calculated to apprise Defendant Martin of this

action.

### III.  CONCLUSION

As set forth above, the Court should grant the served Joel Martin's Special

Appearance and Motion to Dismiss for Lack of Jurisdiction (*doc. 88*), grant in part

Plaintiff's Motion to Dismiss Party Joel Martin (*doc. 104*), and deny Plaintiff's Motion for Partial Summary Judgment (*doc. 111*).

The Court should also refuse to grant Plaintiff additional time for service and should deny his request for service by publication in his Motion to Hold in Abeyance Court's Recommendation (*doc. 121*). Plaintiff has had more than seven (7) times the prescribed amount of time to effect service on Sgt. Joel Martin. Notwithstanding that lengthy amount of time, Plaintiff has provided the Marshals Service with only two addresses at which to attempt service. Moreover, the second address was provided only at the behest of the Court after a year of Plaintiff's silence as to Sgt. Martin's whereabouts. As such, Plaintiff cannot demonstrate good cause for his failure to effect service and the Court should refuse to exercise its discretion to give him extra time.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**