IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

    Plaintiff,

v.                                                  Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

    Defendants.

and

DAVID WARNER,

    Plaintiff,

v.                                                  Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

    THIS MATTER is before the Court on Defendants' Motion for Protective Order

(*doc. 134*).  In their motion, Defendants "request that this Court order that they shall not

be required to respond to any of the six hundred seventy-three (673) discovery requests served on them, that the Court deem that all requests for admissions served by Plaintiff are denied and stricken, and for such further relief as the Court deems just and proper, including reasonable costs and attorney's fees incurred in connection with reviewing the discovery requests served by Plaintiff and preparation of this Motion or, alternatively, dismissal of Plaintiff's claims with prejudice." *Doc. 134* at 1-2. The basis for the relief is that Plaintiff served discovery requests in excess of the number permitted by the Court. *See doc. 100*.

Plaintiff has failed to timely respond to Defendants' motion. *See* D.N.M.LR-Civ. 7.4 ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). As such, Plaintiff has consented to the granting of the motion. *See* D.N.M.LR-Civ. 7.1(b). Moreover, having reviewed the motion and relevant exhibits, the Court is persuaded that Plaintiff has violated the Court's discovery limitations.

Therefore, Defendants shall not be required to respond to any of the six hundred seventy-three (673) discovery requests served on them. Moreover, all requests for admissions served by Plaintiff are denied and stricken. The Court will refrain from exercising the ultimate sanction – dismissal of Plaintiff's case.

However, upon resolution of motions for protective orders, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5). This payment shall not be required if (i)

the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust."[1]  *Id*.  Because the Court finds none of the exceptions applicable, Plaintiff is ordered to pay Defendants' reasonable expenses and attorney's fees for the briefing of the Motion for Protective Order (*doc. 134*).  Within seven days of the entry of this Order, Defendants shall file an affidavit outlining expenses as described above.  Plaintiff's objections to the amount claimed, if any, shall be filed within seven days of the filing of the affidavits.

As described above, Defendants' Motion for Protective Order (*doc. 134*) is **GRANTED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, the party must be given an opportunity to be heard as well.  This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter.  *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).