IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

    Plaintiff,

v.                                                Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

    Defendants.

and

DAVID WARNER,

    Plaintiff,

v.                                                Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) (*doc. 124*)[1], in which the Magistrate Judge recommended: granting Joel Martin's Special Appearance and Motion to Dismiss for Lack of Jurisdiction (*doc. 88*); granting in part and denying in part Plaintiff's Motion to Dismiss Party Joel Martin (*doc. 104*); denying Plaintiff's Motion for Partial Summary Judgment (*doc. 111*); and denying Plaintiff's Motion to Hold in Abeyance Court's Recommendation (*doc. 121*).  Plaintiff filed objections to the PFRD on November 2, 2015.  *Doc. 133*.  Because I concur with the Magistrate Judge's findings, I adopt the recommendations in the PFRD and rule on the motions as recommended.

## II.     STANDARD OF REVIEW

When a party objects to a magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made."  28 U.S.C. § 636(b).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

---

[1] Citations to "*Doc.*" refer to docket numbers filed in Case No. 12-CV-627 MCA/GBW.

**III.    ANALYSIS**

All of the motions before the Court pertain to Plaintiff's attempt to serve Joel Martin, a former police officer in Ruidoso, New Mexico ("Defendant Joel Martin)."  In the PFRD, the Magistrate Judge recommended finding that Defendant Joel Martin had not been properly served.  The Magistrate Judge further recommended finding that, because Plaintiff had provided only two addresses to the Marshals Service in the two-and-a-half years since the litigation was initiated, he could not show good cause to warrant a mandatory extension and that the Court should refuse to grant him a permissive extension.  The Magistrate Judge also concluded that Plaintiff had not made the necessary showing under New Mexico law to demonstrate that service should occur by publication.  Finally, the Magistrate Judge recommended dismissing the Joel Martin of Rollingwood, Texas that Plaintiff had served ("the served Joel Martin"), as he is not the individual that Plaintiff is attempting to sue.  In light of the above, the Magistrate Judge recommended dismissing Plaintiff's claims against Joel Martin without prejudice.

In his objections, Plaintiff contends (1) that Defendant Joel Martin was properly served in September 2013 through an agent at the Ruidoso Police Department, (2) that the Court has jurisdiction over the served Joel Martin, who had absolutely no role in the events precipitating this litigation, (3) that the Marshal Service is wholly responsible for completing service, and (4) that Plaintiff has been diligent in his efforts to locate Defendant Joel Martin.  Plaintiff does not object to the Magistrate Judge's conclusion

that Plaintiff failed to demonstrate that service by publication would be reasonably calculated to apprise Defendant Joel Martin of this action. As such, he has waived review of that finding. *See One Parcel*, 73 F.3d at 1060-61. Accordingly, the Court limits its review to whether Plaintiff properly served Defendant Joel Martin, whether the Court has jurisdiction over the served Joel Martin, and whether Plaintiff should be afforded more time to serve the correct party, Defendant Joel Martin.

### A. Service was not completed on Defendant Joel Martin through an agent at the Ruidoso Police Department.

Plaintiff's assertion that he served Defendant Joel Martin through an agent is wholly untenable. He contends that Defendant Joel Martin was served through Lt. Jonas Wade Proctor at the Ruidoso Police Department, in compliance with Federal Rule of Civil Procedure 4 and the New Mexico rules of procedure, Rule 1-004 NMRA. *Doc. 133* at 3. Under New Mexico law, "Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Rule 1-004 NMRA. That did not occur in this case. The very document on which Plaintiff relies clearly states that "Officer Joel Martin no longer works for Ruidoso and may be working in Odessa/Midland TX." *Member Case[2] Doc. 20* at 1. Furthermore, Plaintiff's own filings show that Defendant Joel Martin had not worked at the Ruidoso Police Department since December 2011, nearly two years before service was attempted

---

[2] *Warner v. Village of Ruidoso, et al.*, 2:13-cv-440 MCA/GBW (filed May 9, 2013).

4

at that location in August 2013. *Doc. 115*, Ex. E. Plaintiff nonetheless maintains that Defendant Joel Martin was indeed served because the service of process form indicated Defendant Joel Martin was served through "[a] person of suitable age and discretion then residing in defendant's place of abode." *Doc. 133* at 3. Plaintiff apparently believes that informing some individual at the location of Defendant's former employment that a lawsuit was pending against Defendant Joel Martin entitles him to an award of money damages against Defendant Joel Martin. Such "notice" was not "reasonably calculated" to inform Defendant Joel Martin of the lawsuit against him. As the Magistrate Judge correctly concluded, and as Plaintiff himself previously represented, service has not been properly completed upon its intended recipient, Defendant Joel Martin. *See doc. 121* at 2 ("Plaintiff has been unable to serve Defendant Joel D. Martin at all the addresses that plaintiff has acquired . . ."). Because Defendant Joel Martin has not been served and service is required before entry of default, Plaintiff's Motion for Partial Summary Judgment (*doc. 111*), correctly construed as a Motion for Default Judgment, is denied. *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) ("[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant . . . [a]nd service of process under Fed. R. Civ. P. 4] provides the mechanism by which a court . . . asserts jurisdiction over the party served") (internal citations omitted).

**B. The Court lacks personal jurisdiction over the served Joel Martin.**

As to the served Joel Martin of Rollingwood, Texas, who has nothing to do with this litigation, Plaintiff acknowledges that the Magistrate Judge's recommendation of dismissal is appropriate, but only "if in fact [the served Joel Martin] is not the proper party . . . ." (*Doc. 133* at 5.  Plaintiff goes on to state that he "cannot to the best of his knowledge prove that [the served Joel Martin] is not the proper party to this action." *Doc. 133* at 5.  Yet, in the first numbered paragraph of Plaintiff's Motion to Dismiss Party Joel Martin, he states:

> After extensive searches plaintiff has finally been able to obtain a photograph of Detective Martin of the Rollingwood Police Department. As a result *plaintiff can now say with certainty that the Joel Martin that was served with process by the U.S. Marshal in Rollingwood Tx., is not the Joel Martin that is the subject of my complaint*.

*Doc. 104* at 1 (emphasis added) (citing to copies of photographs of the served Joel Martin and Defendant Joel Martin).  Plaintiff's assertion in his objections is thus unequivocally contradicted by his contention in his "Motion to Dismiss Party Joel Martin."  This assertion is also contradicted by Plaintiff's representations elsewhere in his objections.  *Doc. 133* at 4 (asserting that, "to this date[,] [Plaintiff] has been unable to locate the proper Defendant Joel Martin . . .").  For these reasons, the Court finds

6

Plaintiff's assertion that he is unsure if the served Joel Martin is in fact Defendant Joel Martin to be completely without merit.[3]

Plaintiff's further assertion that the Court can compel the served Joel Martin to produce information about the whereabouts of Defendant Joel Martin is flatly incorrect. Plaintiff relies on N.M. STAT. ANN. § 38-1-16, which provides for service on an out-of-state defendant. However, as relevant here, that statute permits service of process outside the state only on a person who committed a tortious act within New Mexico. N.M. STAT. ANN. § 38-1-16(A)(1)-(5) (2015). As explained above, Plaintiff concedes the served Joel Martin did not commit the tortious act of which Plaintiff complains. For his part, the served Joel Martin avers that "[he] has never resided in New Mexico and never been an employee of any police agency in New Mexico." *Doc. 88* at 1. Thus, § 38-1-16 provides no basis for exercising jurisdiction over the served Joel Martin. Nor does the Court have jurisdiction over the served Joel Martin merely by virtue of his appearance. *See Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. Apr. 28, 2005) ("[A] party does not waive his right to contest personal jurisdiction or venue by having an attorney enter an appearance on their behalf . . . ."). Thus, the Court will not order a random individual erroneously brought into this lawsuit to help Plaintiff sue the right person simply

---

[3] Plaintiff should be aware that, notwithstanding his *pro se* status, he is subject to the strictures of Federal Rule of Civil Procedure 11, which explicitly enables courts to sanction such misrepresentations. Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . [that] the factual contentions [in the filing] have evidentiary support . . . .").

because that individual suffers the misfortune of having the same name. As with Plaintiff's request for default judgment, his request for such an order is patently unfair and the Court is without the authority to issue such an order. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999); *see also Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962) (holding district court did not err in refusing to condition dismissal of defendant "upon the disclosure of its insurers' identity," because "[i]n the absence of jurisdiction over the person of a defendant in an action in personam, the orders and judgments of the court are void").

### C. Plaintiff cannot show good cause for the failure to execute service within the set time frame

Having determined that Defendant Joel Martin was not properly served and that the served Joel Martin should be dismissed, the final question is whether Plaintiff should be permitted additional time to try to serve Defendant Joel Martin. The Magistrate Judge concluded that Plaintiff's efforts over the course of two-and-a-half-years, which culminated in Plaintiff providing the Marshals Service with two addresses, precluded a showing of good cause which might warrant a mandatory or permissive extension. As a preliminary matter, the Court addresses the question of how the responsibility for timely effecting service is divided between plaintiffs proceeding *in forma pauperis* and the Marshals Service.

Under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c), when an individual is granted leave to proceed *in forma pauperis*, the officers of the court must

issue and serve all process on behalf of that party.  Plaintiff contends that because he is proceeding *in forma pauperis*, the Marshals Service was entirely responsible for finding and serving Defendant Joel Martin, and Plaintiff had no further obligation to ensure service was completed.  *Doc. 133* at 4 ("[P]laintiff has been unable to locate anywhere in Fed. R. Civ. P 4, or any other rule, where the plaintiff is required to provide the U.S. Marshal with the addresses of Defendants and still does not understand why United States Magistrate Judge, Gregory B. Wormuth would order plaintiff to provide this information.").  Plaintiff notes the language of Federal Rule of Civil Procedure 4(c)(3) stating that the court "must" order that service be made by the Marshals Service for *in forma pauperis* plaintiffs.  *Doc. 133* at 2.  However, Plaintiff misunderstands what requirements this provision actually imposes.

The text of the rule states that the Court must order that "*service* be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3)(emphasis added).  Plaintiff is correct that the rule does not explicitly require an *in forma pauperis* Plaintiff to provide the Marshals Service with the address for the named Defendant.  However, neither does the rule require the Marshals Service to become Plaintiff's personal investigator to track down any named Defendant. The rule only requires a marshal to make "service."  Personal service in the legal context is term of art describing a distinct act, i.e., the "[a]ctual delivery of the notice or process to the person to whom it is directed [.]" BLACK'S LAW DICTIONARY 1327 (10th ed. 2014).

Thus, the text of the rule supports the conclusion that the Marshals Service is obligated to *deliver* process to a defendant, but not solely responsible for the distinct act of *locating* defendants for *in forma pauperis* plaintiffs.

Moreover, when Federal Rule of Civil Procedure 4(c) is read in its entirety, it reveals that plaintiffs, even *in forma pauperis* plaintiffs, remain primarily responsible for ensuring that the defendants sought are served process. The section reads:

> (c) Service.
>
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> (3) By a Marshal or Someone Specially Appointed. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c). The first subsection plainly states that the obligation for ensuring timely service lies with the plaintiff and gives him the further obligation of furnishing the documents to be served. Fed. R. Civ. P 4(c)(1). The remaining two subsections merely identify who may make service. *Id*. The options are (a) a non-party adult or (b) the Marshals Service or other court-appointed person. Fed. R. Civ. P 4(c)(2)-(3). In no way do the latter two provisions relieve a plaintiff from the obligation to ensure timely

service delineated in the first provision. Therefore, Rule 4 supports the position that an *in forma pauperis* plaintiff maintains the obligation to provide basic information to facilitate service by the Marshals Service.

Courts which have considered this issue generally require the *in forma pauperis* plaintiff to "provide[] the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 274-75 (9th Cir. 1990); *see also Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987). Sometimes, where the named defendant is a federal employee, the correct name and current job position is sufficient. *See Sellers v. United States*, 902 F.2d 598, 602-03 (7th Cir. 1990). Here, however, the named Defendant never was a federal employee and no longer worked for the law enforcement agency with which Plaintiff identified him. Indeed, it does not appear that he works for any law enforcement agency in the state. Under these circumstances, Magistrate Judge Wormuth determined that the "necessary information to help effectuate service" was a current address for Defendant Joel Martin. This Court agrees.

While it does not appear that the Court of Appeals for the Tenth Circuit has expressly laid out what is required of *in forma pauperis* plaintiffs regarding facilitating service, its precedent does not support Plaintiff's position that he may simply throw up his hands and dump it in the lap of the Marshals Service. In *Olsen v. Mapes*, the Tenth Circuit considered whether a suit brought by a pair of *in forma pauperis* plaintiffs could be dismissed for failing to properly complete service on the United States and one of its

11

agents in accordance with Federal Rule of Civil Procedure 4(i). 333 F.3d 1199 (10th Cir. 2003). In reaching its decision, the court analyzed whether the plaintiffs "were [] sufficiently culpable to warrant dismissal of their action." *Id.* at 1204-05. Had the court interpreted 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4(c) as mandating that the Marshals Service, without any obligations on plaintiff, be responsible for finding and serving the named defendants on behalf of plaintiffs proceeding *in forma pauperis*, it need not have considered the plaintiffs' degree of culpability. Rather, the inquiry would end once a plaintiff is granted *in forma pauperis* status and names a defendant. Instead, the *Olsen* court implied that plaintiffs do, in fact, bear a degree of responsibility for facilitating service, even when the Marshals are to perform the act of service.

Consequently, it is not uncommon that courts require *in forma pauperis* plaintiffs provide addresses to assist the Marshals Service in making service. *See, e.g., Searles v. Werholtz*, No. 06-3198-JAR, 2010 WL 4861123, *2 (D. Kan. Nov. 16, 2010); *Abercrombi v. Kaut*, 609 F. App'x 470, 471 (9th Cir. 2015) ("The district court did not abuse its discretion in dismissing [the plaintiff's] action without prejudice because, despite being given opportunities to locate defendant and being warned that dismissal would result if he failed to provide the United States Marshal with a valid current address, [the plaintiff] failed to serve the summons and the complaint on [the defendant] in a timely manner"). Similarly, courts have also concluded that providing the Marshals Service an incorrect address to serve a defendant, without diligent efforts to correct the error, does

12

not constitute good cause for an extension. *See Gonzalez v. L'Oreal USA Inc.*, 489 F. Supp. 2d 181, 183-84 (N.D.N.Y. 2007) (holding that providing an incorrect address to the Marshals Service and failing to correct that mistake for almost three months precluded a finding of good cause because "plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts"); *Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3d Cir. 2013) (finding that Marshals Service fulfilled its duty where it "attempted to, but could not, locate [the defendants] at all four of the addresses provided by [the plaintiff]"). The Court is persuaded by the conclusion of these cases.

Having determined that the Plaintiff had an obligation to provide information necessary to effectuate service and that the address of Defendant Joel Martin constituted such information, the next question is whether the Court should add additional time onto the more than two-and-a-half years that that he has already had. As the Magistrate Judge noted, an extension of time is mandatory where a plaintiff shows good cause and is discretionary if no such showing had been made. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Magistrate Judge recommended finding that Plaintiff's efforts over the course of two-and-half years were inadequate to constitute good cause. *See Rochon*, 828 F.2d at 1109 ("While [a plaintiff] proceeding in forma pauperis may rely on service by the U.S. Marshals . . . a plaintiff should request

13

service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.").

In reaching this conclusion, the Magistrate Judge highlighted that there was a period in this litigation where nearly a year passed without any action taken by Plaintiff to effect service after his first attempt failed. When that occurred, the Magistrate Judge ordered, in September, 2014, that Plaintiff explain why his case should not be dismissed for lack of service. Plaintiff responded by asserting that service had been completed in August 2013." *Member Case Doc. 43* at 3. As with many of Plaintiff's contentions, this statement is contradicted by Plaintiff himself. In responding to an earlier request to produce an address for Defendant Joel Martin after the first attempt failed, Plaintiff explained that he would "provide Defendant Joel Martin's address as soon as it comes available." *Doc. 28* at 2. Since this statement was made after the first attempt at service, he clearly understood that the service attempted at the Ruidoso Police Department was defective. Even assuming Plaintiff subjectively believed service had been completed in August 2013, such a mistaken and objectively unreasonable belief does not excuse a Plaintiff's failure to ensure timely service is completed. *See, e.g., Lopez v. United States*, 129 F. Supp. 2d 1284, 1295 (D.N.M. October 31, 2000) (citations omitted) (concluding showing of good cause had not been made where absence of service was "apparent on the return-of-service forms" and Plaintiff merely relied on a process server and failed to realize proper service had not been obtained). Thus, the circumstances of Plaintiff's

14

case in September, 2014 were such that a request for a mandatory extension could have been denied.

Notwithstanding the year long delay, when Plaintiff presented what he claimed was the work address for Defendant, the Magistrate Judge ordered the Mashals Service to serve Joel Martin at that address. *Doc. 83*. Unfortunately, the result of that extension was service by the Marshals on an individual who, though also named Joel Martin, had never lived or worked in New Mexico. Plaintiff now wants yet more time. In opposing the Magistrate Judge's recommendation that he not be given an extension, however, Plaintiff does not demonstrate how his recent efforts justify yet another extension. Given the history of this case and Plaintiff's numerous chances, the Court concludes that he has not shown good cause and is therefore not entitled to a mandatory extension. For largely the same reasons, the Court declines to exercise is discretion to grant him a permissive extension.

## IV.   CONCLUSION

Wherefore, IT IS HEREBY ORDERED that the Magistrate Judge's PFRD (*doc. 124*) is ADOPTED. Thus, as set forth in the PFRD, Plaintiff's Motion to Dismiss Party Joel Martin (*doc. 104*) is granted in part and denied in part; Plaintiff's Motion for Partial Summary Judgment (*doc. 111*), which the Court construes as a Motion for Default, is denied; and Plaintiff's Motion to Hold in Abeyance Court's Recommendation (*doc. 121*)

is denied. Furthermore, the served Joel Martin's Special Appearance and Motion to Dismiss for Lack of Jurisdiction (*doc. 88*) is granted.

IT IS FURTHER ORDERED that Plaintiff's claims against Joel Martin are hereby dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE