IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

    Plaintiff,

v.                                                         Civ. No. 12-627  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Village of Ruidoso Attorney DAN BRYANT;
Ruidoso Police Officer NELSON;
Ruidoso Police Officer JONAS WADE PROCTOR; and
Retired Ruidoso Police Chief WOLFGANG BORN,
individually and in their official capacities,

    Defendants.

and

DAVID WARNER,

    Plaintiff,

v.                                                           Civ. No. 13-440  MCA/GBW

VILLAGE OF RUIDOSO, a municipal corporation;
Ruidoso Chief of Police JOE MAGILL;
Police Officer SGT. JOEL MARTIN;
Ruidoso Police Officer BELTRAN,
individually and in their official capacities,

    Defendants.

## SECOND ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

      THIS MATTER is before the Court on Defendants' Motion for Protective Order

(*doc. 134*).  In their motion, Defendants "request that this Court order that they shall not

be required to respond to any of the six hundred seventy-three (673) discovery requests served on them, that the Court deem that all requests for admissions served by Plaintiff are denied and stricken, and for such further relief as the Court deems just and proper, including reasonable costs and attorney's fees incurred in connection with reviewing the discovery requests served by Plaintiff and preparation of this Motion or, alternatively, dismissal of Plaintiff's claims with prejudice." *Doc. 134* at 1-2. The basis for the relief is that Plaintiff served discovery requests in excess of the number permitted by the Court. *See doc. 100*.

The Court initially granted Defendants' motion on the basis of Plaintiff's failure to respond. *See doc. 137*. Moreover, the Court ordered Plaintiff to pay Defendants' reasonable expenses and attorney's fees for the briefing of the Motion for Protective Order. *Id*. Finally, the Court directed Defendants to file an accounting of those expenses. *Id*.

Subsequently, Plaintiff has claimed that he did not receive Defendants' motion. *See doc. 139*. Consequently, the Court permitted Plaintiff to file a response to the merits of the motion and the sanctions requested therein. *See doc. 141*. Plaintiff has done so and the Court has held a hearing on the matter. *See docs. 142, 143, 144, 145, 149, 150*.

At the scheduling conference in this case, the Court set certain limitations regarding discovery requests. *See docs. 99, 100*. Specifically, the Court ordered that "[e]ach side shall be limited to twenty-five (25) interrogatories, twenty-five (25) requests

for production, twenty-five (25) requests for admission, and five (5) depositions to serve or notice on the other side." *Doc. 100* at 2. Moreover, the meaning of these limitations was discussed fully with Plaintiff and Defendants' counsel at the scheduling conference. *See doc. 99*.

Notwithstanding these clear limitations, on October 21, 2015, Plaintiff served discovery requests on Defendants which far exceeded them. Specifically, Plaintiff served forty-two (42) Requests for Production, one hundred eighty six (186) Requests for Admission, and at least one hundred seventy-five (175) Interrogatories.[1] *See doc. 134*, Ex. 1. Plaintiff did not ask opposing counsel or move the Court for permission to exceed the limitations.

Plaintiff spends much of his time in response complaining about alleged technical deficiencies in Defendants' motion.[2] None dictate denial of the motion.

First, Plaintiff complains again about not receiving Defendant's motion in the first place. While the Court is persuaded that Defendants properly certified service of the motion, the point is moot because the Court has given Plaintiff an opportunity to respond on the merits.

---

[1] In fact, Plaintiff served far more than 175 Interrogatories because of the numerous subparts included in each one. *See Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 637 (D. Kan. 2012) (subparts count as separate interrogatories if they pertain to discrete areas). The Court need not determine how many of Plaintiff's subparts constitute "discrete areas" because, even assuming none did, he far exceeded the Court-ordered limitations.

[2] Plaintiff also raises an issue about a dispositive motion pending before the presiding judge. As he puts it, "Defendants' [sic] have not filed any motions showing how additional discovery would preclude summary judgment which has been ruled on by [Chief] Judge Armijo." *Doc. 144* at 2. The undersigned does not see the relevance of this point to Defendants' motion seeking to limit discovery.

3

Second, Plaintiff notes that Defendants' motion failed to "certif[y] that the movant had in good faith conferred or attempted to confer with the [opposing party] in an effort to obtain it without court action." *See* Fed. R. Civ. P. 37(a)(1). Based on the history of disputes between the parties, the difficulty of communicating with Plaintiff, and Plaintiff's generally litigious approach to this case, it is unlikely that the issue before the Court would have been resolved by additional efforts to confer. Thus, while the Court does not condone Defendants' failure to make the required certification, it will proceed to the merits of the dispute. *See Bolger v. District of Columbia*, 248 F.R.D. 339, 343-44 (D.D.C. 2008); *Oleson v. Kmart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997).

Third, Plaintiff complains that Defendants exceeded the page limit imposed in the local rules for exhibits. *See doc. 144* at 8 (*citing* D.N.M.LR-Civ. 10.5). Indeed, Defendants' exhibit to their motion consists of ninety-two (92) pages which would exceed the fifty (50) page limit for exhibits set out in D.N.M.LR-Civ. 10.5. However, the local rules also require that:

> A party seeking relief pursuant to FED. R. CIV. P. 26(c) or 37(a) **must** attach to the motion a copy of:
> (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and
> (b) the response or objection thereto.
> The motion must comply with the requirements of D.N.M.LR-Civ. 7.

D.N.M.LR-Civ. 37.1 (emphasis added). All ninety-two pages of Defendants' exhibit consists of the discovery requests to which they were objecting. As such, it appears that they were required to file it. Moreover, the Court notes that, while Rule 37.1 specifically

4

demands compliance with Local Rule 7, it does not do the same for Local Rule 10. On these facts, the Court finds that Defendants did not violate the local rules in filing the exhibit. Even assuming a technical violation, the Court would waive the violation to avoid injustice. *See* D.N.M.LR-Civ. 1.7.

Having rejected Plaintiff's technical arguments, the Court will now turn to his substantive argument.[3] Plaintiff claims that he understood the discovery request limitations to "each side" to mean that "plaintiff was allowed 25 interrogatories, request for production and request for admissions to multiple party Defendants side [sic]." *Doc. 144* at 5. In short, Plaintiff simply interpreted "each side" as "each party." There are many flaws with this explanation. First, this interpretation simply ignores the plain meaning of the relevant words. Second, the Court had extensive discussions with Plaintiff at the Rule 16 conference and those discussions made the Court's intentions perfectly clear to Plaintiff. Lastly, Plaintiff did not even comply with the limits as he now claims to have understood them. As to Defendants Magill, Beltran, and the Village of Ruidoso, Plaintiff served in excess of twenty-five (25) requests for admission to each of them. *See doc. 134*, Ex. 1 at 33-38, 59-63, 74-79, 88-91. For these reasons, the Court finds Plaintiff in clear violation of the Order setting discovery request limits.

---

[3] Plaintiff also argues that the limitations as set were unfair. *See doc. 144* at 5-7. If Plaintiff had wished to make this argument, he should have moved for a modification of the Court's Order. Moreover, Plaintiff now asks the Court to "in the alternative rule that time for discovery will be elapsed and proceed with a trial on the merits." *Id*. at 9. Given Plaintiff's request to close discovery notwithstanding the lack of answers to the disputed discovery requests, it would appear that Plaintiff believes he has conducted sufficient discovery.

Therefore, Defendants shall not be required to respond to any of the disputed discovery requests. Moreover, all requests for admissions served by Plaintiff are denied and stricken. The Court will refrain from exercising the ultimate sanction – dismissal of Plaintiff's case.

The Court must award reasonable expenses to a party who successfully moves for a protective order, unless that party failed to meet and confer in good faith before filing the motion, the opposing party's position was "substantially justified," or other circumstances make such an award unjust. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5).[4] At the hearing on the motion, the Court ordered Plaintiff to pay $1500 of Defendants' costs. However, having reviewed the recording, the Court will reverse that ruling. Defendants' counsel conceded that his brief discussion with Plaintiff over the disputed discovery responses did not rise to the level of a meet-and-confer. *See doc. 150*. He does not dispute Plaintiff's description that, in response to Plaintiff's initial offer that Defendants simply answer the "first 25" requests, he simply responded that the Court would have to resolve the matter. *Id*. While the Court agrees that Plaintiff's compromise offer was not sufficient to resolve the matter, a good faith meet-and-confer would require continuing the discussion of a possible resolution until those discussions

---

[4] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See, e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

6

broke down.  Having failed to do so, the Court cannot order Plaintiff to reimburse Defendants' costs.

As described above, Defendants' Motion for Protective Order (*doc. 134*) is **GRANTED in part**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE